FEDERAL SANITARY CLEARING & REFINING CO. v. LOEB.

(Supreme Court, Appellate Division, First Department. December 1, 1911.)

1. CONTRACTS (§ 227*)—CONDITION PRECEDENT—WAIVER.

Where defendant contracted to convey to plaintiff corporation an interest in a patent in consideration of certain shares of the corporate stock, subject to the corporation obtaining a license under a foreign basic patent, the corporation's obligation to obtain such license while a condition precedent to the defendant's liability was incorporated in the contract for the corporation's benefit, and was waived by the corporation's issuance and defendant's acceptance of the stock he was entitled to receive under the contract.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1038–1041; Dec. Dig. § 227.*]

2. CONTRACTS (§ 226*)—CONDITIONS SUBSEQUENT.

Promoters of a corporation to exploit a patented process contracted that defendant should transfer to the corporation his interest in the patent in consideration of certain of the corporation's stock, and of the corporation's agreement to employ defendant, and of an advancement by one of the promoters of such cash capital as was necessary for the company up to $20,000. The corporation was not a party to the agreement, and never ratified the provision for defendant's employment, but did issue to defendant the stock he was entitled to under the agreement in exchange for the transfer of his interest in the patent. *Held*, that the provisions for defendant's employment and to advance capital were conditions subsequent, and nonperformance was no defense to the corporation's right to compel specific performance of defendant's agreement to transfer his interest in the patent in a suit by the corporation.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1033–1037; Dec. Dig. § 226.*]

Appeal from Special Term, New York County.

Action by the Federal Sanitary Clearing & Refining Company against Maurice Loeb. From a judgment dismissing complaint on a trial at special term, plaintiff appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

Morgan J. O'Brien, for appellant.
Daniel W. Blumentahl, for respondent.

DOWLING, J. Maurice Loeb, the defendant, was the inventor of a certain apparatus for separating fat from water, wherein he assigned a one-half interest to Maurice May; letters patent of the United States No. 885,353 being issued therefor to Loeb and May. On April 21, 1908, said Loeb and May, as parties of the first part, entered into an agreement in writing with Edward Guckenheimer, as party of the second part, which recited the intention of the parties thereto to organize a corporation under the laws of the state of New York, to be known as the Federal Sanitary Clearing & Refining Company, for the purpose of collecting fats and oils and making the same into tallow, fertilizers, soaps, and other products; that one C. Kremer of Germany was the owner of a basic patent for fat separating; that negotiations were pending between Guckenheimer and the assignee of said patent

(Gesellschaft fur Abwasserklerung) in order that the parties to the agreement might proceed to incorporate and enter in the business aforesaid peaceably and undisturbed; that Loeb had assigned a one-half interest in his patent to May, and that Loeb was to assign the remaining one-half interest to Guckenheimer, simultaneously with which assignment May was to reassign one-half of his own interest (being one quarter of the whole) to Loeb, wherefore, in consideration of the premises and of the sum of $1, the parties agreed that they would all assign their respective interests and all their right, title, and interest in and to said patent to the refining company about to be formed as soon as it was duly incorporated, so that the company should have (a) the use of the original Kremer patent by license and (b) the sole and absolute title to the Loeb patent, in consideration of which assignments the parties before mentioned, viz., Loeb, May, and Guckenheimer, were to receive the whole capital stock of the corporation to be formed, the same to be divided in the proportion in which the interests in the patent were divided, namely 25 per cent. to May, 25 per cent. to Loeb, and 50 per cent. to Guckenheimer. The agreement contained the following clause:

"It is further covenanted by and between the parties hereto that this and all contemporaneous agreements are subject to a license being granted for the basic patent by the Gesellschaft to the refining company corporation to be formed."

It was further agreed that, upon the formation and due incorporation of the refining company, each of the parties thereto was to assign all his right, title, and interest in and to the patent to the refining company, and receive the proportions of the capital stock before set forth. On the same day there was made a further agreement between the same three persons whereby it was agreed between them that, when the corporation was organized, it should execute and deliver agreements of employment with Loeb and May for a period to be named therein and at a yearly salary, payable weekly, to be fixed therein and based upon the future profits of the company. It was further agreed that Guckenheimer had advanced and should advance from time to time such amounts of money to the benefit of the company up to the sum of $20,000 as the company and its president should deem necessary for the carrying on of its business. Pursuant to this agreement, the proposed company was organized, its certificate of incorporation bearing date April 21, 1908, and the incorporation tax being paid on the following day. The amount of the capital stock of the corporation was fixed at $3,000, divided into 30 shares of the par value of $100 each. The stock was duly divided among the three persons named in the proportion fixed by the agreement, the defendant, receiving 7½ shares of stock, being one-fourth of the whole. He has never assigned his interest in the patent, although demand has duly been made that he do so.

This action is brought by the plaintiff to enforce performance of his agreement to assign that interest. The defendant claims that he is relieved from performance upon the ground that plaintiff has failed to perform its part of the agreement in that (1) the license under the

basic patent has never been obtained; (2) the written agreement of employment of defendant has never been executed by the corporation; (3) Guckenheimer has never advanced the money agreed to be paid by him.

[1] It is quite true that both agreements referred to are specifically stated to be subject to the granting of a license under the basic patent. But this was a condition precedent, and could be waived by any or all of the parties. It would have been competent for any one of the three individuals to have refused to accept stock in the corporation in return for an assignment of his interest in the patent, upon the ground that no license had been so obtained. It is quite apparent that the purpose of the insertion of this clause was to enable the parties to refuse to proceed further, if they so elected, unless that license could be obtained, for in its absence litigation with the Gesellschaft might arise. But none of the parties raised that question or refused to proceed, and all accepted their stock in the corporation. They cannot now be heard to question what they then acquiesced in.

[2] As to the other two objections raised to performance by defendant, they are conditions subsequent which have no force as an answer to this cause of action. The corporation was not a party to the agreement and could not have been, for it was not yet organized. It never ratified the second agreement quoted nor did it ever formally bind itself to perform it.

The first agreement was for the benefit of the corporation, and provided a means for its creation. The second imposed burdens upon the corporation to which it has apparently never assented. Whatever may be the respective rights of the individuals as between themselves, the second agreement affords no reason for defendant's refusal to carry out his agreement to convey his interest in the patent. The corporation has paid him the consideration by transferring to him the shares of stock, upon the receipt of which he agreed to assign his interest in the patent. He is now in the position of holding his stock, and thereby being in effect the owner of one-fourth of the three-fourths interest in the patent which the corporation holds by assignment from the other two parties and at the same time retaining his own one-fourth interest.

Under these conditions, and for the reasons indicated, the plaintiff upon the record before us was entitled to judgment in its favor; but, in view of the form of the decision made herein and of the findings therein contained, all that now can be done is to direct a reversal of the judgment appealed from and to grant a new trial, with costs to appellant to abide the event. All concur.